UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SHAWN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV11 JAR |
| | ) | |
| UNKNOWN STEVENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00. Additionally, the Court finds that this case must be summarily dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

**The Complaint**

Plaintiff, who is currently detained in the Ste. Genevieve Detention Center, brings this action against Unknown Lieutenant Stevens, Unknown Captain Mulcahy, and the Cape Girardeau County Jail. He alleges that he was denied a second set of bedding and change of clothes. He also claims he was denied a free phone call. Plaintiff says he filed grievances, which were denied by Stevens. And he says he filed grievance appeals, which were denied by Mulcahy.

**Discussion**

Plaintiff's claim against the Jail is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

"Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted). Additionally, Petitioner has not alleged Stevens or Mulcahy's direct involvement in the alleged denials of his rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, plaintiff has not alleged that he was denied necessary clothing or basic hygiene items. And he does not have a constitutional right to free telephone calls, absent irreparable harm or prejudice. *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992). Petitioner has not alleged either harm or prejudice. Therefore, the complaint fails to state a plausible claim for this reason as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis without a certified account statement [ECF No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 7th day of March, 2016.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE